**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eleonora Abramian, et al., | No. CV-25-04256-PHX-SHD (ASB) |
| Petitioners, | **ORDER** |
| v. | |
| Pam Bondi, et al., | |
| Respondents. | |

Petitioners are natives and citizens of Georgia who filed this 28 U.S.C. § 2241 action seeking "mandamus, APA [Administrative Procedure Act ("APA")], and constitutional relief to prevent the unlawful and premature removal . . . while their motion to reopen is pending before the Board of Immigration appeals." (Doc. 1 at 2.) Late in the afternoon on November 16, 2025, Petitioners also filed a Motion for Temporary Restraining Order through the Court's "After-Hours Emergency Injunctive Relief Procedure" alleging Eleonora Abramian's removal was scheduled to take place that day at 6:00 p.m. The Court will dismiss the Petition for lack of jurisdiction.

**I.   Background**

Petitioners allege their orders of removal were issued in 1995 and, since that time, they have been released on Orders of Supervision requiring them to check in twice per year. (Doc. 1 at 5.) They argue that removal at this juncture would violate their constitutional rights because they suffer from medical vulnerabilities and removal is "medically dangerous" and will result in irreparable harm. Petitioners also argue they

received ineffective assistance of counsel throughout their removal proceedings and are entitled to withholding of removal, CAT protection, and other relief. On November 14, 2025, Petitioners filed a motion to reopen their immigrations proceedings with the Board of Immigration Appeals ("BIA") and seek a stay of removal until that motion is adjudicated. Petitioners also filed with the BIA a motion to stay their removal, but that motion was summarily denied.

Specifically, Petitioners raise eight counts for relief under the All Writs Act and 28 U.S.C. § 2241. They seek equitable and declaratory relief arguing the BIA's denial of their motion to stay their removal violated the APA, they seek mandamus relief to compel the BIA to issue a reasoned decision, and contend their removal before adjudication of their motion to reopen would violate their due process rights.

## II.     Legal Standards

In the Ninth Circuit, "Petitioners seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the Petitioners' favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]' s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

A federal district court is authorized to grant a writ of habeas corpus under

28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[1] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Habeas corpus review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

**III. Discussion**

Here, Petitioners fail to state a claim for habeas corpus relief. While Petitioners allege they "do not challenge the underlying 1995 removal orders in this action" they are challenging Respondents' discretion in executing their final orders of removal. (Doc. 1 at

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

2.) Petitioners also argue they are challenging the "BIA's unexplained denial of a stay and ICE's attempt to execute removal while a motion to reopen is pending." (Doc. 1 at 4.) This Court lacks jurisdiction over such a challenge because Petitioners' request to halt the execution of a final removal order "arise[s] from" an "action" or a "proceeding" brought in connection with Petitioners' removal (8 U.S.C. § 1252(b)(9)), or from "the decision or action" to "execute removal orders against" Petitioners (8 U.S.C. § 1252(g)). *See American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 492 (1999) (interpreting Section 1252(g) to foreclose judicial review over the Immigration and Naturalization Service's decision to commence proceedings, adjudicate cases, or execute removal orders); *see also Ma v. Holder*, 860 F. Supp. 2d 1048, 1062 (N.D. Cal. 2012) (finding that the district court lacked jurisdiction under Section 1252(g) to stay a removal pending the BIA's decision on a motion to reopen); *Lopez v. Dep't of Homeland Sec.*, No. CV 10-7929 AG (JC), 2010 WL 4279314, at *1 (C.D. Cal. Oct. 21, 2010) (finding that the district court did not have jurisdiction over a habeas claim challenging the IJ's denial of a motion to stay); *Mejia-Espinoza v. Mukasey*, No. CV 08-7884 FMC (PLA), 2009 WL 235625, at *3 (C.D. Cal. Jan. 27, 2009) (finding that the district court lacked jurisdiction over a request to stay removal during the pendency of a motion to reopen before the BIA).

Petitioners also challenge the BIA's summary denial of their motion to stay removal as violating the APA for which they seek mandamus relief. The APA authorizes "[a] person suffering legal wrong because of agency decision, or adversely affected or aggrieved by agency action" to seek judicial review of the agency action. 5 U.S.C. § 702. A court may set aside final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. §§ 704, 706(2), and where an agency has failed to act within the meaning of the APA, a court may compel the "agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).

Petitioners fail to state a colorable claim for review under the APA. Petitioners do not present any final determination that is subject to review, nor do they seek a determination by an agency that has been unlawfully withheld or unreasonably delayed.

*See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take"); *Mamigonian v. Biggs*, 710 F.3d 936, 941-42 (9th Cir. 2013). Insofar as Petitioners seek review of the BIA's decision to deny their motion to stay, such claim is barred from review by 8 U.S.C. § 1252(a)(2)(B)(ii). *See Patchak v. Zinke*, 138 S. Ct. 897, 905 (2018) (finding the jurisdiction-stripping provision which "applie[d] '[n]otwithstanding any other provision of law,'" included "the general grant of federal-question jurisdiction, 28 U.S.C. § 1331"); 5 U.S.C. § 701(a)(1) (the APA does not apply "to the extent that . . . statutes preclude judicial review.").

Finally, the remaining grounds cited by Petitioners do not give rise to a cognizable claim for relief. The Mandamus Act, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the Declaratory Judgment Act, 28 U.S.C. § 2201, are not independent sources of jurisdiction, and serve only to enlarge the range of remedies available in cases where jurisdiction otherwise exists. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 571 U.S. 191, 197 (2014); *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) ("the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction"); *Lights of Am., Inc. v. United States Dist. Ct.*, 130 F.3d 1369, 1370 (9th Cir. 1997) ("the All Writs Act is not itself a source of jurisdiction"); *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 459 n.18 (9th Cir. 1977) (the Mandamus Act "does not provide an independent ground for jurisdiction"). And, even if they were independent sources of jurisdiction, as described above, relief would be barred by § 1252. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) ("notwithstanding any other provision of law (statutory or nonstatutory), including . . . sections 1361 and 1651 . . .").

Petitioners have therefore failed to present cognizable grounds for relief. Accordingly, the Court will dismiss the Petition and this action.

**IT IS ORDERED:**

(1) Petitioners' Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioners' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied**.

(3) The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 17th day of November, 2025.

_____
Honorable Sharad H. Desai
United States District Judge